Filed 8/28/24  P. v. Dunne CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B330892 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA125477) |
| v. | |
| CRAIG JAMES DUNNE, | |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Los Angeles County, Roger Ito, Judge.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2013, Craig James Dunne pleaded guilty to the attempted murder of Jorge Novo.  As part of the factual basis for the plea, Dunne's counsel stipulated to the transcript of the preliminary hearing at which Novo and his girlfriend testified that Dunne, acting alone, stabbed Novo repeatedly following an altercation at a bar.  The trial court sentenced Dunne to 26 years in prison.

Dunne now asks us to reverse the court's order denying his petition for resentencing pursuant to Penal Code section 1172.6 (formerly section 1170.95).[1]  As relevant here, that section permits a person convicted of "attempted murder under the natural and probable consequences doctrine" to challenge the conviction and seek resentencing.  (§ 1172.6, subd. (a).)  The trial court concluded that Dunne's record of conviction—including the preliminary hearing transcript—conclusively establishes he is ineligible for section 1172.6 relief.

Dunne's sole contention on appeal is that the court erred by relying on the preliminary hearing transcript to deny his petition at the prima facie stage.  He notes the split among appellate courts on the issue—which presently is on review before the California Supreme Court (see *People v. Patton* (2023) 89 Cal.App.5th 649, 657 (*Patton*), review granted June 28, 2023, S279670)—and urges us to follow the line of cases holding that trial courts may not consider preliminary hearing transcripts at the prima facie stage of the section 1172.6 inquiry.  (E.g., *People v. Williams* (2024) 103 Cal.App.5th 375 (*Williams*).)

We, however, previously held in *People v. Pickett* that, under some circumstances, a court may rely on a preliminary hearing transcript to deny a section 1172.6 petition at the prima facie stage. (*People v. Pickett* (2023) 93 Cal.App.5th 982, 990 (*Pickett*), review

---

[1] All subsequent statutory references are to the Penal Code.

granted Oct. 11, 2023, S281643.) The facts here are analogous to those in *Pickett*, and we are not persuaded that we should deviate from the approach we adopted there.

Accordingly, we conclude the trial court properly denied Dunne's section 1172.6 petition and affirm.

## FACTUAL SUMMARY AND PROCEDURAL HISTORY[2]

On June 17, 2012, a man stabbed Novo at Kelly's Tavern in Downey, California. Several days later, authorities showed Novo a six-pack photographic line-up of possible suspects, and Novo identified Dunne as the man who stabbed him. Authorities subsequently arrested Dunne.

The trial court conducted a preliminary hearing in the case, at which the prosecution presented testimony from Novo and his girlfriend, Denise Macias.[3] Novo testified that on the night of the incident, he and Macias had been drinking and playing pool at the tavern. A "group of guys," including Dunne, were "in the corner where [Novo] was playing pool." "[T]here was some type of confrontation [between Macias] and them" that led Novo to walk over to the group and say, "[W]hat's up?" Dunne then "approached

---

[2] We summarize here only the facts and procedural history relevant to our resolution of this appeal.

[3] The prosecution also introduced testimony from Detective Lorraine Medina, the officer assigned to investigate the case. She testified primarily concerning certain text messages the prosecution argued demonstrate that Amanda Vera, Dunne's wife, knew about the crime. Detective Medina did not testify concerning the circumstances of the offense, and we do not rely on her testimony in resolving Dunne's appeal. (See *Williams*, *supra*, 103 Cal.App.5th at p. 397, fn. 11 ["hearsay testimony through law enforcement officers . . . [citation] . . . is likewise inadmissible to determine a petitioner's eligibility for resentencing pursuant to section 1172.6"].)

[Novo] from behind[ and] started stabbing [him]." Novo testified further that he required surgery as a result of Dunne's attack, and that the stab wounds left nine scars across his neck and torso.

Macias corroborated Novo's testimony and added that Dunne stabbed her hand when she grabbed Novo in an attempt to prevent an altercation between the two men. Dunne cross-examined Novo and Macias, but did not present any affirmative evidence at the preliminary hearing. At the conclusion of the hearing, the court held Dunne to answer the charge against him.

The district attorney subsequently filed an information charging Dunne with the attempted murder of Novo (§§ 187, subd. (a), 664) and alleging that Dunne "personally inflicted great bodily injury upon . . . Novo" within the meaning of section 12022.7, subdivision (a) during the attempt. The information also charged Dunne with two counts of assault with a deadly weapon (§ 245, subd. (a)(1)) against Novo and Macias, respectively.

Dunne pleaded no contest to the attempted murder of Novo and admitted the section 12022.7, subdivision (a) allegation. The trial court dismissed the remaining charges at the prosecution's request. At the plea hearing, defense counsel "stipulate[d] to a factual basis for the plea based on the police report and preliminary hearing transcript." The court then sentenced Dunne to 26 years in state prison. We affirmed Dunne's sentence on appeal. (*People v. Dunne* (Aug. 8, 2018, B288550) [nonpub. opn.].)

Following Dunne's plea, the Legislature enacted Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, p. 6674;

4

accord, § 189, subd. (e); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

The bill also enacted the predecessor to section 1172.6 (former § 1170.95), which provides a procedure whereby "convicted murderers who could not be convicted under the law as amended" may petition to have their conviction vacated and be resentenced on any remaining counts. (*Lewis*, *supra*, 11 Cal.5th at p. 959.) Senate Bill No. 775 (2021–2022 Reg. Sess.) expanded the scope of section 1172.6's relief to include defendants convicted of murder pursuant to any "other theory under which malice is imputed to a person based solely on that person's participation in a crime," and— as relevant here—defendants convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a)(1); *People v. Coley* (2022) 77 Cal.App.5th 539, 548 (*Coley*).)

"A petition under section 1172.6 must state, among other allegations, that the 'petitioner could not presently be convicted of murder or attempted murder because of changes' Senate Bill No. 1437 made to the law of murder. [Citation.] When . . . a petitioner files a facially sufficient petition, the trial court must appoint counsel for the petitioner, if requested, and determine, after the opportunity for briefing and a hearing, whether the defendant has made a prima facie case for relief under section 1172.6." (*Pickett*, *supra*, 93 Cal.App.5th at p. 988, review granted.)

"In determining whether the defendant [has] made the requisite prima facie showing, the court may rely on the defendant's record of conviction." (*Pickett*, *supra*, 93 Cal.App.5th at p. 988.) "Although, in reviewing the record of conviction, courts 'should not engage in "factfinding involving the weighing of evidence or the exercise of discretion" ' [citation]" (*id.* at p. 989), a court may deny a petition at the prima facie stage where "the record conclusively

5

establishes every element of the offense." (*People v. Curiel* (2023) 15 Cal.5th 433, 463.) "We independently review [a] trial court's determination that the petitioner failed to make a prima facie showing for relief." (*Pickett*, *supra*, 93 Cal.App.5th at p. 989.)

On November 9, 2022, Dunne filed a form petition pursuant to section 1172.6 challenging his conviction for attempted murder, and the trial court appointed counsel to represent him. The prosecution filed an opposition to Dunne's petition, arguing he is not entitled to relief "because he was the actual stabber in this case, personally inflicted great bodily injury and acted with express malice." The prosecution relied heavily on the transcript of the preliminary hearing to support its arguments.

Dunne filed a response in which he asserted the following conclusory objection to the prosecution's reliance on the preliminary hearing transcript: "In the present matter the record of conviction includes the preliminary hearing transcript, which is not admissible at a prima facie hearing." (Capitalization omitted.) Dunne did not offer any evidence or argument disputing the veracity of the testimony at the preliminary hearing or otherwise raising a factual issue as to his involvement in Novo's stabbing.

At the hearing on the petition, the trial court offered Dunne another opportunity to present argument in support of his request for section 1172.6 relief. Dunne, however, submitted on his papers, and the court denied his petition:

"The court: . . . [T]he matter's calendared today for purposes of a prima facie hearing to determine whether or not . . . Dunne is eligible for an . . . evidentiary hearing to ascertain his liability and his potential for resentencing under [section] 1172.6.

"I've had a chance to review the record of conviction which includes also portions of [the] preliminary hearing transcript, portions of [Dunne's]—the Court of Appeal decision on the case.

6

"And this court is prepared to make an order at this point finding as to his eligibility. [Defense counsel], do you want to be heard?

"[Defense counsel]: No, sir.

"The court: Was that a no?

"[Defense counsel]: That's a no, yeah. Just submitting on the—

"[¶ . . . ¶]

"The court: Okay. So this court finds as a matter of law that . . . Dunne is not eligible for relief under [section] 1172.6. It was determined via the preliminary hearing transcript and findings that he was in fact the actual stabber on this case, and there is no theory, proffer or undertaking regarding natural [and probable] consequences and the like."

Dunne timely appealed.

## DISCUSSION

Section 1172.6 entitles Dunne to resentencing only if his conviction rests on the natural and probable consequences doctrine. (See *Coley*, *supra*, 77 Cal.App.5th at p. 548 [section 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine"]; accord, *People v. Lovejoy* (2024) 101 Cal.App.5th 860, 865, review denied July 24, 2024, S285447.) Pursuant to that doctrine, " '[a]n aider and abettor is guilty not only of the intended, or target, crime but also of any other crime a principal in the target crime actually commits (the nontarget crime) that is a natural and probable consequence of the target crime.' [Citation.]" (*People v. Covarrubias* (2016) 1 Cal.5th 838, 901.)

The Attorney General contends that the record of conviction here—including the preliminary hearing transcript—"conclusively demonstrates that [Dunne] is ineligible for [section 1172.6] relief

7

as a matter of law and was not convicted of attempted murder under the natural and probable consequences doctrine." (Boldface omitted.)

Dunne does not dispute that the only testimony introduced at the preliminary hearing indicates he committed the attempted murder as the direct perpetrator, rather than an aider or abettor. Nor does he dispute that his counsel stipulated to the preliminary hearing transcript as a factual basis for his plea. He urges, however, that the law categorically prohibits a trial court from relying on a preliminary hearing transcript to deny a defendant's section 1172.6 petition at the prima facie stage. We disagree.

"Courts of Appeal are divided on whether a trial court can consider a preliminary hearing transcript at the prima facie stage for resentencing under section 1172.6." (*People v. Estrada* (2024) 101 Cal.App.5th 328, 339; e.g., compare *Patton*, *supra*, 89 Cal.App.5th at p. 657, review granted [summary denial of section 1172.6 petition affirmed based on uncontroverted testimony at preliminary hearing] with *Williams*, *supra*, 103 Cal.App.5th 375, 375 ["[w]e disagree . . . that preliminary hearing testimony suggesting a section 1172.6 petitioner was the actual perpetrator of a homicide offense is sufficient to rebut a facially sufficient petition"].) The issue presently is on review before the California Supreme Court. (See *Patton*, *supra*, 89 Cal.App.5th 649.)

While we await further guidance from our high court, we remain of the view we expressed in *Pickett*—namely, that "where the defendant alleges no facts concerning the murder to which he pleaded guilty, the People introduce without objection uncontroverted evidence from the preliminary hearing transcript showing that the defendant acted alone in killing the victim, and the defendant does not put forth, by way of briefing or oral argument, any factual or legal theory in support of his petition, the

8

defendant has failed to make a prima facie showing for relief under section 1172.6." (*Pickett*, *supra*, 93 Cal.App.5th at p. 990, review granted.)

Here, as in *Pickett*, Dunne alleges no facts concerning Novo's attempted murder and fails to offer any factual or legal theory supporting an inference that his plea might have been based on the natural and probable consequences doctrine. (See *Pickett*, *supra*, 93 Cal.App.5th at p. 990, review granted.) Moreover, although Dunne now objects to the introduction of the preliminary hearing transcript, his counsel stipulated to the contents of the transcript—which contains unrefuted testimony that Dunne committed the attempted murder as the sole direct perpetrator— as part of the factual basis for his guilty plea.

"We can thus assess [Dunne's] prima facie showing without 'engag[ing] in "factfinding involving the weighing of evidence" ' . . . because [Dunne] offer[s] no evidence to weigh." (*Pickett*, *supra*, 93 Cal.App.5th at p. 990, review granted.) The uncontradicted facts in the record establish conclusively that Dunne pleaded guilty to the attempted murder of Novo pursuant to a direct perpetrator theory that remains valid following the enactment of Senate Bill Nos. 775 and 1437. We therefore conclude the trial court properly denied Dunne's petition at the prima facie stage, and we necessarily reject his related contention that the denial violated his right to due process under state and federal law. (*People v. Garrison* (2021) 73 Cal.App.5th 735, 738.)

Accordingly, we affirm.

9

## DISPOSITION

The order denying Dunne's section 1172.6 petition is affirmed.

<u>NOT TO BE PUBLISHED</u>.


                                        ROTHSCHILD, P. J.

We concur:



WEINGART, J.



KELLEY, J.*

---

    **\*** Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.